|! STEWART, J.,
dissenting.
The majority opinion concludes that Section 4-14 of the Caddo Parish Code of Ordinances conflicts with state law. However, in my view, there is no conflict between Section 4-14 and La. R.S. 14:102.1 which supports injunctive relief. I respectfully dissent from the majority opinion.
Because cockfighting is not defined as a felony under state law, the parish ordinance is not prohibited by La. R.S. 14:143, which provides that “no governing authority of a political subdivision shall enact an ordinance defining as an offense conduct that is defined and punishable as a felony under state law.” Moreover, La. R.S. 14:102.1 is silent as to cockfighting. The legislature simply chose not to define fowl as animals in the provision criminalizing cruelty to animals. State law neither expressly authorizes, prohibits, nor attempts to regulate cockfighting. In the absence of state law on the matter, the parish ordinance is not invalid on its face. It does not contravene state law.
The majority finds that the standards for injunctive relief set forth in Knights of Columbus, Chapter No. 2409 v. Louisiana DPS, Division of State Police, 548 So.2d 936 (La.1989), have been met by plaintiffs. I disagree. Plaintiffs have not shown, and the trial court has not declared, that the ordinance is manifestly unconstitutional. The ordinance has not been shown to abridge the police power of the state.
The trial court made no finding that plaintiffs would suffer irreparable injury as a result of enforcement of the ordinance; rather, the trial court’s ruling was based entirely upon the propriety of the ordinance vis-a-vis state |¡>Iaw. The economic harm that would be suffered by plaintiffs as a result of enforcement of the ordinance is not the type of irreparable injury which justifies injunctive relief. See Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314, 319 (La.1981), cert. denied 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982), defining irreparable harm as a loss which “cannot be adequately compensated in money damages or for which such damages cannot be measured by a pecuniary standard.”
Finally, plaintiffs have not shown that existing property rights will be destroyed by enforcement of the ordinance. They may continue to operate their clubs pending the final outcome of this matter so long as they pursue other business activities that do not include eockfighting.
For these reasons, I would reverse the judgment of the trial court and remand for further proceedings.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, MOORE, and LOLLEY, JJ.
Rehearing denied.
STEWART, J., would grant rehearing.